# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TRACY E. LEIGH,**

      **Plaintiff,**

**v.**                                                **Case No: 6:23-cv-212-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause is before the Court on Claimant's appeal of an administrative decision denying her application for Supplemental Security Income (SSI). The administrative law judge (ALJ) held a hearing on May 20, 2022, and, on September 6, 2022, the ALJ issued an unfavorable decision. R. 359-74. The Appeals Council denied Claimant's request for review. R. 12-14.

Having considered the parties' briefing, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.    Issues on Appeal**

Claimant states her argument by reference to two issues:

1) The ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to properly evaluate Claimant's subjective complaints. *See* Doc. 23 at 8-12; and

2) The ALJ failed to properly develop the record regarding Claimant's need for an assistive device. *See id.* at 13-15.

## II. Standard of Review

As the Eleventh Circuit has stated:

In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

### A. The ALJ's evaluation of Claimant's subjective complaints

To establish disability, a claimant cannot simply allege disabling subjective symptoms. *See* 20 C.F.R. § 416.929(a) ("statements about your pain and other symptoms will not alone establish that you are disabled"). Rather, to the extent a claimant bases her claim on subjective symptoms, she must show both an underlying medical condition that could cause such symptoms, and evidence of their alleged intensity, persistence, and limiting effect. *See* 20 C.F.R. § 416.929(b).

Once a medical condition is shown that could reasonably be expected to cause the subjective symptoms, an ALJ evaluates the alleged intensity and persistence based on all record evidence. *See* 20 C.F.R. § 416.929(c)(4); *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (finding ALJ may properly reject claim of disabling symptoms by providing rationale based on evidence to the contrary of such claim).

Here, the ALJ found that Claimant had severe impairments that could reasonably be expected to cause her alleged symptoms, but that her claims of disabling intensity, persistence, and

limiting effect were not entirely consistent with the medical evidence and other evidence in the record. R. 367. The ALJ specifically found that the Claimant's RFC was supported by Claimant's own subjective allegations, her activities of daily living, the routine and conservative history of treatment, the objective evidence, her positive response to treatment, and the record as a whole. R. 372.

Claimant argues that the ALJ erred in discounting Claimant's subjective complaints regarding her alleged psychiatric symptoms. Doc. 23 at 10-12. The record demonstrates that the ALJ acknowledged Claimant's history of treatment for depressive, anxiety, and personality disorders. R. 367-68. The ALJ considered Claimant's prior hospitalizations under the Baker Act and Claimant's history of psychiatric symptoms. *Id.* In considering Claimant's October 24, 2020 hospitalization, the ALJ noted that Claimant "had no suicidal ideations or signs of withdrawal and was discharged in stable condition." R. 368. Likewise, in considering Claimant's November 12, 2020 hospitalization, the ALJ noted that Claimant denied suicidal or homicidal ideations and was encouraged to abstain from alcohol and seek substance abuse treatment. *Id.* Further, the ALJ noted the psychological examination of Alejandro J. Arias, Psy.D., acknowledging that Claimant reported she was independent in all activities of daily living and that she denied hallucinations, suicidal ideations, or homicidal ideations. R. 369. Additionally, the ALJ considered Claimant's October 24, 2021 hospitalization following an apparent suicide attempt. R. 370. The ALJ noted that at discharge, Claimant was stable and that she was advised to abstain from drugs and alcohol. *Id.*

The ALJ also considered Claimant's history of treatment and the effectiveness of such treatment in evaluating her claims of disabling subjective symptoms. R. 371; *see* C.F.R. § 416.929(c)(3)(iv)-(v) (stating ALJ properly considers treatment received and effectiveness when

evaluating subjective symptoms). Claimant argues that the ALJ erred in finding that the lack of emergency room or inpatient treatment for mental health concerns, outside the setting of substance abuse, was evidence discrediting Claimant's subjective complaints of her psychiatric limitations. Doc. 23 at 10-11. However, as noted above, treatment history is a relevant factor for the ALJ to consider when evaluating subjective symptoms. *See* C.F.R. § 416.929(c)(3)(iv)-(v). Moreover, the ALJ considered a number of other factors in evaluating Claimant's claim and did not unduly rely on her mental health treatment history. The ALJ explained that Claimant's reported daily activities, positive response to treatment, and the record as a whole supported the RFC assessment. R. 371-72.

Claimant further argues that the ALJ erred in finding that Claimant's daily activities or lack of need for constant care were inconsistent with a finding of disability. Doc. 23 at 11-12. In support, Claimant cites an Eleventh Circuit decision in which that a panel of that court opined that a claimant's ability to complete "basic household chores" was not a sufficient reason to discredit a claimant's treating physician. *Simon v. Comm'r, Soc. Sec. Admin.*, 1 F.4th 908, 922 (11th Cir. 2021), *withdrawn and superseded on rehearing by*, 7 F.4th 1094 (11th Cir. 2021). Here, however, the ALJ discredited Claimant's subjective complaints due in part to her activities of daily living, and the regulations clearly provide that this is permissible. *See* 20 C.F.R. § 416.929(c)(3).

Accordingly, the ALJ properly evaluated Claimant's subjective complaints and substantial evidence supports the ALJ's findings.

### B. The ALJ's evaluation regarding Claimant's need for an assistive device

Claimant argues that the ALJ did not develop a full and fair record because the ALJ failed to further develop the record to determine whether it was necessary to add an assistive device limitation to the RFC. Doc. 23 at 13. In response, the Commissioner argues that the ALJ did, in

fact, develop a full and fair record, and that Claimant has failed to establish evidentiary gaps that result in unfairness or clear prejudice. Doc. 24 at 13-14.

While the ALJ has a basic duty to develop a full and fair record, a claimant still has the ultimate burden to prove she is disabled. *See* 20. C.F.R. § 416.912(a); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (noting that a claimant has the burden of proving disability, "and consequently, [s]he is responsible for producing evidence in support of h[er] claim."). Further, in determining whether remand is warranted, the Court should be guided by whether the record reveals evidentiary gaps resulting in unfairness or clear prejudice. *See Graham v. Apfel*, 129 F.3d 1420 (11th Cir. 1997).

Here, the ALJ stated that some treatment notes describe limited ambulation or ambulation with a cane. R. 371. Nonetheless, the ALJ noted that the medical necessity of the cane was not clear and that the clinical examination findings did not note significant balance issues or orthopedic issues. *Id.* Likewise, the ALJ noted that Claimant usually demonstrates normal strength and testified that she walks her dog half a block. *Id.*

Claimant argues that the ALJ should have re-contacted one or more of Claimant's treating physicians for clarity as to whether Claimant requires the use of an assistive device. Doc. 23 at 14. However, the applicable regulations provide that an ALJ *may* re-contact a medical source if the evidence is insufficient to determine whether the claimant is disabled. *See* 20 C.F.R. § 416.920b(b)(2)(i). Here, the record was voluminous and the ALJ provided a sufficient explanation for finding the cane not medically necessary. *See* R. 371. Accordingly, Claimant has not met her burden of establishing that the record contains an evidentiary gap resulting in clear prejudice such that remand is warranted.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed. Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** in Orlando, Florida on March 5, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE